**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 4, 2017
Date Decided: May 4, 2017

Stephen P. Norman, Esquire
30838 Vines Creek Rd., Unit 3
Dagsboro, DE 19939

E. Chaney Hall, Esquire
Fox Rothschild LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801

Re:    Stephen P. Norman v. Chicago Title Insurance Co.,
Civil Action No. 12781-VCG

Dear Counsel:

The Defendant moved to dismiss this matter, alleging failure to state a claim and lack of both personal and subject matter jurisdiction.  The motion was briefed and argued.  At oral argument today, I found that Plaintiff's Complaint failed to establish subject matter jurisdiction in the Court of Chancery.  Thus, the matter is dismissed, subject to the Plaintiff's election to transfer to the Superior Court within 60 days of this Order, pursuant to 10 *Del. C.* Section 1902.

At the end of the argument, the Plaintiff sought leave to amend his Complaint, only so as to establish equitable jurisdiction.  I indicated such an amendment was prohibited under Court of Chancery Rule 15(aaa).  This was an error: Rule 15(aaa) prohibits amendment after briefing a motion to dismiss under Rules 12(b)(6) and

23.1.[1]  While the Defendant did seek dismissal in part under Rule 12(b)(6), and therefore the Plaintiff is foreclosed from amending his complaint to address deficiencies under that rule at this stage of the proceedings, I granted the motion to dismiss under Rule *12(b)(1)*, for lack of subject matter jurisdiction.  Amendment, for the purposes of establishing subject matter jurisdiction, is therefore controlled by Rule 15(a), and *not* prohibited under 15(aaa).  To the extent my bench ruling of this date is to the contrary, it is withdrawn.  Accordingly, the matter is dismissed for lack of subject matter jurisdiction.  The Plaintiff may transfer the matter to Superior Court within 60 days, or may pursue amendment subject to Rule 15(a), as he finds appropriate.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[1] *See* Ch. Ct. R. 15(aaa) ("Notwithstanding subsection (a) of this Rule, a party that wishes to respond to a motion to dismiss *under Rules 12(b)(6) or 23.1* by amending its pleading must file an amended complaint, or a motion to amend in conformity with this Rule, no later than the time such party's answering brief in response to either of the foregoing motions is due to be filed.") (emphasis added).